UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LLOYD STREATER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:  15-180-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\***

Inmate Lloyd Streater is confined by the Bureau of Prisons at the Federal Medical Center in Lexington, Kentucky.  Proceeding without an attorney, Streater filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and an amended petition, challenging his 480-month federal sentences.  [Record Nos. 1, 3]  Because § 2241 is not the proper vehicle for obtaining the relief sought, the petition will be denied

**I.**

On December 17, 1999, a federal jury in Connecticut found Streater and co-defendant Kerwin Blount guilty of conspiring to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, and two counts of possessing cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). *United States v. Lloyd Streater*, No. 3:97-CR-232-MPS-1 (D. Conn. 1997)  [Record No. 408, therein]  Streater was sentenced on May 26, 2000, to a 480-month prison term followed by a 5-year term of supervised release.  [Record No. 498, therein]  The district court estimated that the defendants had sold

-1-

approximately one-half kilogram a week, or 26 kilograms a year, during the conspiracy. A total of 200 kilograms of cocaine was attributed to Streater under the applicable federal sentencing guidelines.[1]

Streater appealed his conviction and sentences, arguing that the drug quantity attributed to him by the district court violated his constitutional right to have that sentencing-guideline enhancement determined by a jury under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[2]  On May 30, 2002, the Second Circuit rejected Streater's argument and affirmed his conviction and sentences.  *United States v. Blount*, 291 F.3d 201 (2nd Cir. 2002).[3]

Streater filed a motion in the district court seeking relief under 28 U.S.C. § 2255 on January 5, 2006.  *Lloyd Streater v. United States*, No. 3:06-CV-17-EBB (D. Conn. 2006) [Record Nos. 1-2, therein]  Streater argued that his 480-month sentences violated his Sixth

---

[1]  In November 2014, Streater filed a motion under Rule 36 of the Federal Rules of Criminal Procedure, asking the district court to correct the judgment. [Record No. 622, therein].  On July 15, 2015, the district court entered an Amended Judgment, clarifying that the "Nature of Offense" of Count 1 was conspiracy to distribute cocaine, and that the "Nature of Offense" of Count 2 was possession of cocaine with intent to distribute it, but that the May 26, 2000, Judgment and Order and Commitment "… in all other respects remains the same."  [Record No. 628, therein]

[2]  In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").  *Apprendi*, 530 U.S. at 490.

[3]  On appeal, Streater argued that his 480-month sentences exceeded the 240-month statutory maximum set out in 21 U.S.C. § 841(b)(1)(C); 21 U.S.C. § 846.  In rejecting this argument, the Second Circuit explained that the 480-month sentence was identical to the sentence required by U.S.S.G. § 5G1.2(d), and that "…if the district court had applied § 5G1.2(d) as required, it would have imposed prison terms of 240 months on each of the three counts, running two of the terms concurrently, and running the third term consecutive to the 240 months imposed on the other two counts to reach 480 months."  *Id*., at 213.  Thus, with respect to his 480-month sentences, "Streater's substantial rights were not affected."  [*Id*.]

Amendment right to confrontation under *United States v. Crawford*, 541 U.S. 36 (2004),[4] and his Fifth Amendment right to due process under *United States v. Booker*, 543 U.S. 220 (2005) (holding that a jury must determine the drug-quantity enhancement factor under a "beyond a reasonable doubt" standard).

On July 20, 2006, the district court denied Streater's § 2255 motion.  [Record No. 10, therein]  The court concluded that: (i) under Second Circuit precedent, *Crawford* does not apply retroactively to cases on collateral review; (ii) the Sixth Amendment's right of confrontation neither applies in the sentencing context nor prohibits consideration of hearsay testimony in sentencing proceedings (thus declining to find a conflict with *Crawford*); and (iii) *Booker* does not apply retroactively to cases on collateral review.  [*Id.*]  The district court also declined to issue a Certificate of Appealability and denied Streater's petition for a writ of *audita querela*.  [Record No. 12; Record No. 14, therein]  Streater appealed these determinations.  However, the Second Circuit dismissed Streater's appeal because he failed to timely request a Certificate of Appealability.  [Record No. 18, therein; *see Lloyd Streater v. United States*, No. 11-2141 (2nd Cir. Sept. 15, 2011)]

In August 2012, while confined at the USP-Atlanta, Streater filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  *Lloyd Streater v. J. A. Keller*, No. 1:12-CV-03007-WSD (D.C. Docket No. 1:12-CV-03007-WSD (N. D. Ga. 2012) [Record No. 1, therein].  Streater reiterated the same arguments which he had asserted previously in his direct appeal and § 2255 petition (i.e., that his 480-month sentences exceeded the applicable

---

[4]   In *Crawford*, the Supreme Court held that admission of the defendant's wife's recorded statement violated his Sixth Amendment rights where she did not testify at trial.  *Crawford*, 541 U.S. at 68-69.

statutory maximum under § 841(b)(1) (c), and that his sentences violated the Fifth and Sixth Amendments and the rule announced in *Apprendi* because the jury did not determine drug quantity). [*Id.*]

The government moved to dismiss Streater's § 2241 petition, arguing that, because the savings clause in 28 U.S.C. § 2255(e) did not apply to Streater's sentencing claims, he could not proceed under § 2241. [Record No. 9, therein] The United States Magistrate Judge assigned to the case issued a report ("R&R") on May 14, 2013, recommending that that district court grant the government's motion. The Magistrate Judge concluded that Streater had not cited a retroactively-applicable Supreme Court decision, and that he had previously raised the same *Apprendi* sentencing challenges in his unsuccessful § 2255 motion. [Record No. 11, therein]

On August 19, 2013, the district court overruled Streater's objections to the R&R, adopted the R&R, and dismissed Streater's § 2241 petition. [Record No. 15, therein; *see Streater v. Keller*, No. 1:12-CV-03007-WSD, 2013 WL 4482510 (N.D. Ga. Aug. 19, 2013)] Streater then submitted a filing captioned, "Motion for Re-Consideration Informal Brief Pro Se Review," in which he again argued that his sentences exceeded the applicable statutory maximum. [Record No. 17, therein] The district court construed Streater's filing as a motion for relief under Fed. R. Civ. P. 60(b), but denied the relief sought. [Record No. 18, therein; *see Streater v. Keller*, No. 1:12-CV-03007-WSD, 2013 WL 6638960 (N.D. Ga. Dec. 17, 2013)]

Streater appealed, arguing that the Second Circuit wrongly applied plain-error review in both his direct appeal and in the appeal from his § 2255 motion. Streater also contended

-4-

that he was entitled to relief under § 2241 because his sentences exceeded the statutory maximum. The Eleventh Circuit determined that Streater's appeal of the order denying his § 2241 petition was untimely and that it lacked authority to review the denial of his § 2241 petition. *Streater v. Warden, USP-Atlanta*, 576 F. App'x 964, 966 (11th Cir. 2014). However, the Eleventh Circuit affirmed the denial of Streater's Rule 60(b) motion, finding that district court had not abused its discretion because Streater "… reiterates that he was sentenced in excess of the applicable statutory maximum, the same argument he unsuccessfully raised in his direct appeal and § 2255 motion." [*Id*., at 966]

## II.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because Streater is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007) At this stage of the proceedings, the Court accepts Streater's factual allegations as true and liberally construes his legal claims in his favor.

In his § 2241 petition, Streater continues to argue that, because the indictment did not mention drug quantity, and because the district court (not a jury) ultimately determined the drug quantity attributable to him, his 480-month sentences violate the Fifth and Sixth Amendments of the United States Constitution. Streater also challenges his sentences as

-5-

exceeding the statutory maximum allowed for the underlying drug offense, which he states is only twenty years.   Streater relies on the Supreme Court's grant/vacate/remand ("GVR") order in *Persaud v. United States*, ___U.S. ___, 134 S.Ct. 1023 (2014).   Like Streater, the defendant in *Persaud* sought to challenge a sentencing enhancement through a § 2241 petition and the savings clause of § 2255.   Streater seeks an order vacating his 480-month sentences and imposing a "correct" sentence of 240-months. [5]   [*Id*., Record No. 1, p. 5; Record No. 3, p. 6]

### III.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).   In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for

---

[5]   According to the BOP's website, Streater's projected release date from federal custody is September 25, 2032.   *See* http://www.bop.gov/inmateloc/ (last visited October 7, 2015).

federal prisoners seeking relief from an unlawful conviction or sentence.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).  This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief.  *Charles*, 180 F.3d at 756.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence."  *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Charles*, 180 F.3d at 756.

Streater is not challenging the execution of his sentences.  Instead, he contends that the district court violated his constitutional rights by determining the drug quantity attributable to him and by imposing sentences which exceeded the statutory maximum allowed for the underlying drug offense.  Thus, Streater is seeking to challenge the constitutionality of his sentences on Fifth and Sixth Amendment grounds under § 2241 via

the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Id.* at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Streater has not carried his burden in this proceeding. As discussed above, Streater previously asserted the same Fifth and Sixth Amendment claims on appeal, in his § 2255 motion, and in his previous § 2241 petition. However, the appellate and district courts rejected Streater's argumentsas without merit. In his current petition, Streater repeats the same sentencing challenges which he previously but unsuccessfully raised in § 2255 motion and in his earlier § 2241 petition. As *Charles* dictates, Streater cannot use § 2241 to recycle the same claims which were previously -- but unsuccessfully -- advanced in a § 2255 motion. Again, the Court reiterates that § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012)

-8-

("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Streater now relies on the Supreme Court's GVR order in *Persaud*, but that order does not support his claims.  The defendant in *Persaud* sought to challenge a sentencing enhancement in a § 2241 petition and the savings clause of § 2255.  The government argued against the position; however, on appeal, the Solicitor General changed course and asserted that a petitioner can challenge a sentencing enhancement through the savings clause.  The government then asked the Court to remand the case to the Fourth Circuit for reconsideration in light of the United States' new position.  *See* Brief of Appellee at *22–23, *Persaud*, 134 S.Ct. at 1023.  The Supreme Court acquiesced and issued a GVR order.  *Persaud*, 134 S.Ct. at 1023.

The Supreme Court's GVR order was not a reversal on the merits, nor was it a suggestion that the Fourth Circuit was incorrect.  *See Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006).  Rather, the GVR order was "a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it."  *Gonzalez v. Justices of the Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005).

This Court has previously concluded that the GVR order in *Persaud* gives the Fourth Circuit an opportunity to reconsider its own decision, but it does not give other district courts -- including this Court -- license to ignore binding circuit precedent.  *See*, *e.g.*, *Boyd v. Quintana*, No. 15-CV-4-DCR, 2015 WL 3503271, at *3 (E. D. Ky. June 3, 2015) (denying a § 2241 petition in which the federal prisoner challenged only his enhanced sentence, and

rejecting as unpersuasive reliance on *Persaud*); *Parker v. Holland*, No. 15-CV-48-GFVT, 2015 WL 4458886, at *9 (E.D. Ky. July 21, 2015); *Wells v. Synder-Norris*, No. 15-CV-17-HRW, 2015 2356692, at *8 (E. D. Ky. May 15, 2015) (same); *Alexander v. Sepanek*, No. 14-160-ART (E.D. Ky. Apr. 15, 2015) [R. 12, therein] (same).

The Fifth Circuit has recently held that *Persaud* does not assist a prisoner challenging his sentence under § 2241 because the ruling is not a substantive decision. *See Vinson v. Maiorana*, 604 F. App'x 349 (5th Cir. 2015); *Sharbutt v. Vasquez*, 600 F. App'x 251 (5th Cir. 2015). At least one other district court in this circuit recently concluded that *Persaud* does not support a sentence challenge under § 2241, explaining that *Persaud* applies to a limited set of facts decided in another circuit and that it carries no precedential effect in this circuit. *See King v. Terris*, No. 2:14-CV-14267, 2015 WL 3888163, at *6 (E. D. Mich. June 24, 2015). Accordingly, *Persaud* does not support Streater's arguments.

Finally, Streater challenges the length of his prison sentences, alleging that they exceed by twenty years the statutory maximum prison term allowed for the drug offenses of which he was convicted. Again, *Charles* precludes Streater's claims on this issue, but another consideration also bars this claim. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 only if he alleges "actual innocence," *Bannerman v.Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Further, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). Streater does not allege that he is actually innocent of the federal drug offense of which he was convicted. Instead, he seeks to challenge the length of his sentence. In other words, he

-10-

has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended to savings clause to a § 2241 petitioner who seeks to challenge the enhancement of his or her sentence. In fact, it has repeatedly held that claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (a prisoner's challenge to his sentencing enhancement under §§ 841 and 846 is not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.").

As the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences, Streater does not allege a valid actual innocence claim. Finally, Streater does not assert a cognizable actual innocence claim because he points to no case that is based upon a new rule of law made retroactive by the Supreme Court.

## IV.

Streater has not demonstrated that he is entitled to the relief requested. Accordingly, it is hereby

-11-

**ORDERED** as follows:

1.     Petitioner Lloyd Streater's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 [Record No. 1], is **DENIED**.

2.     This civil action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 13th day of October, 2015.

Signed By:

*__Danny C. Reeves__* DCR

**United States District Judge**

-12-